# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIP AARON WOODS, | Case No. 1:14-cv-00876-LJO-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| E. VALENZUELA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On July 25, 2012, Petitioner was convicted in the Fresno County Superior Court of one count of inflicting corporal injury on a spouse or cohabitant. (ECF No. 1 at 1). He was sentenced to serve a total term of eight years for the inflicting corporal injury on a spouse or cohabitant, one prior strike, and two prior prison term enhancements.

Petitioner timely filed a notice of appeal. The only issue that Petitioner raised was that his trial counsel was ineffective for failing to assert that Petitioner was unable to pay a restitution fine and a parole revocation restitution fine. People v. Woods, No. F065458, 2013 WL 5311055

(Cal. Ct. App. Sept. 20, 2013). On September 20, 2013, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. Petitioner then filed a petition for writ of habeas corpus in the Fresno Superior Court, which was denied on February 27, 2013. (LDs 13, 14). Following the conclusion of his direct appeal, Petitioner filed another petition for writ of habeas corpus in the Fresno Superior Court, which was denied on November 25, 2013. (LDs 15, 16). On March 17, 2014, the Fifth Appellate District denied Petitioner's state habeas corpus petition. (LD 18). On May 20, 2014, the California Supreme Court denied Petitioner's state habeas corpus petition. (LD 20).

## II.

## STATEMENT OF FACTS[1]

> Woods entered his ex-wife's home uninvited, choked her, punched her, and said that either she or her boyfriend was "going to die." The district attorney filed an information charging Woods with one count of willfully inflicting corporal injury on a former spouse. (Pen. Code, § 273.5, subd. (a)). The information alleged that Woods had one prior strike under the Three Strikes Law (§ 1170.12, subds.(a)-(d)) and had served two prior prison terms within the meaning of section 667.5, subdivision (b). A jury found Woods guilty as charged, and he admitted to the prior strike and the prior prison terms.
>
> The court sentenced Woods to eight years in state prison, consisting of the three-year middle term, doubled for the prior strike, plus two years for the two prior prison term enhancements. The court also imposed fines and fees as follows: (1) a restitution fine of $1,920 (§ 1202.4); (2) a parole revocation restitution fine of $1,920 (§ 1202.45); (3) a court operations assessment of $40 (§ 1465.8); and (4) a criminal conviction assessment of $30 (Gov. Code, § 70373).

(LD 15).

## III.

## DISCUSSION

### A.   Standard of Review for a Writ of Habeas Corpus

Relief by way of a petition for writ of habeas corpus extends to a person in custody

---

[1] The Fifth District Court of Appeal's summary of the facts in September 20, 2013, opinion is presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1). Petitioner does not present clear and convincing evidence to the contrary; thus, the Court adopts the factual recitations set forth by the state appellate court. See Vasquez v. Kirkland, 572 F.3d 1029, 1031 n.1 (9th Cir. 2009) ("We rely on the state appellate court's decision for our summary of the facts of the crime.").

pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  The challenged conviction arises out of Fresno County Superior Court, which is located within the venue of this Court.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc).  The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

Under the AEDPA, relitigation of any claim adjudicated on the merits in state court is barred unless a petitioner can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Harrington v. Richter, 562 U.S. 86, 97-98 (2011); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'"  Lockyer, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision."  Williams, 592 U.S. at 412.  "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision."  Id.  In addition, the Supreme Court decision must "'squarely address [] the issue in th[e] case' or establish a legal

principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of review under AEDPA. Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2009) (quoting Wright v. Van Patten, 552 U.S. 120, 125 (2008)); Panetti v. Quarterman, 551 U.S. 930 (2007); Carey v. Musladin, 549 U.S. 70 (2006). If no clearly established Federal law exists, the inquiry is at an end and the Court must defer to the state court's decision. Carey, 549 U.S. 70; Wright, 552 U.S. at 126; Moses, 555 F.3d at 760.

If the Court determines there is governing clearly established Federal law, the Court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of," [the] clearly established Federal law." Lockyer, 538 U.S. at 72 (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13; see also Lockyer, 538 U.S. at 72. "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" Williams, 529 U.S. at 405 (quoting Webster's Third New International Dictionary 495 (1976)). "A state-court decision will certainly be contrary to [Supreme Court] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Id. If the state court decision is "contrary to" clearly established Supreme Court precedent, the state decision is reviewed under the pre-AEDPA de novo standard. Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc).

"Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411;

see also Lockyer, 538 U.S. at 75-76. The writ may issue only "where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." Richter, 562 U.S. at 102. In other words, so long as fair minded jurists could disagree on the correctness of the state courts decision, the decision cannot be considered unreasonable. Id. If the Court determines that the state court decision is objectively unreasonable, and the error is not structural, habeas relief is nonetheless unavailable unless the error had a substantial and injurious effect on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993).

The AEDPA requires considerable deference to the state courts. "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (citing 28 U.S.C. § 2254(e)(1)). The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011); Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853.

While the federal court cannot analyze just what the state court did when it issued a summary denial, the federal court must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98. This court "must determine what arguments or theories ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 102.

**B.  Review of Claims in Federal Habeas Petition**

1. Speedy Trial Claim

Petitioner argues that his right to a speedy trial was violated when at the beginning of his trial "it was noticed and discussed about the time constraints being expired, but the court continued with the trial without the proper waiver." (ECF No. 1 at 4).

To the extent that Petitioner argues that the trial court's failure to dismiss his case because of a speedy trial issue was in violation of the California Constitution, that argument is grounded in California state law. State law arguments are not cognizable in federal habeas proceedings. Estelle v. McGuire, 502 U.S. 62, 67 (1991). Petitioner may only raise and receive federal habeas relief for violations of federal law. Therefore, any challenge that the trial court violated Petitioner's California speedy trial rights is not cognizable in a federal habeas petition.

Petitioner argues that the trial court violated his federal constitutional speedy trial rights. Petitioner did not present his speedy trial claim on direct appeal to the Fifth District Court of Appeal, and he did not present it in his habeas petition filed on October 16, 2013, in the Fresno County Superior Court. (LD 15). Petitioner did present his argument in a habeas petition before the Fifth District Court of Appeal. (LD 17). The Fifth District Court of Appeal denied the petition for writ of habeas corpus without comment. (LD 18). Petitioner then raised this issue in his petition for review of his habeas petition in the California Supreme Court. (LD 19). The California Supreme Court summarily denied the petition. (LD 20). Therefore, this Court reviews the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Richter, 562 U.S. at 98.

A speedy trial is a fundamental right guaranteed by the Sixth Amendment and imposed

upon the states by the Due Process Clause of the Fourteenth Amendment. See Klopfer v. North Carolina, 386 U.S. 213, 223 (1967). The court must balance four factors in determining whether there has been a violation of the right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted the right to a speedy trial; and (4) whether the defendant suffered prejudice as a result of the delay. See Dogget v. United States, 505 U.S. 647, 651 (1992) (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)). No one factor is necessary or sufficient and there is no affirmative demonstration of prejudice necessary to prove a violation of the right to a speedy trial; instead, the four related factors "must be considered together with such other circumstances as may be relevant." Moore v. Arizona, 414 U.S. 25, 26 (1973) (per curiam) (citation omitted).

The Supreme Court split the first inquiry, the length of delay, into two steps. First, in order to trigger a full speedy trial analysis, "an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." Doggett, 505 U.S. at 651–52. If this threshold is not met, the court does not proceed with the other Barker factors. See United States v. Beamon, 992 F.2d 1009, 1012 (9th Cir. 1993). The Supreme Court has observed that courts generally have found delays approaching one year sufficient to trigger the Barker inquiry. Doggett, 505 U.S. at 652 n. 1. However, the Ninth Circuit also has observed that there is a general consensus among the courts of appeals that eight months constitutes the threshold minimum. See United States v. Gregory, 322 F.3d 1157, 1162 n. 3 (9th Cir. 2003). The Ninth Circuit has found a six-month delay sufficient to examine the other Barker factors. See United States v. Valentine, 783 F.2d 1413, 1417 (9th Cir. 1986) (citing United States v. Simmons, 536 F.2d 847 (9th Cir.), cert. denied, 429 U.S. 854 (1976) (holding that a six-month delay constitutes a "borderline case" sufficient to trigger an inquiry into the remaining Barker factors). If the delay passes this minimum threshold, then the court must consider "as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim." Doggett, 505 U.S. at 652; United States v. Mendoza, 530 F.3d 758, 762 (9th Cir. 2008) ("If the length of delay is long enough to be considered presumptively prejudicial, an inquiry into the other three factors is

triggered.").

Here, the Court measures the delay as the time between arrest and trial. See United States v. Loud Hawk, 474 U.S. 302, 314 (1986). It appears that Petitioner was arrested on March 11, 2012, or shortly thereafter. (CT 1-5).[2] Upon a review of the reporter's transcript, it appears that trial began on June 14, 2012. (RT 697). Therefore, the three month delay in Petitioner's case is not "presumptively prejudicial" and not sufficient to trigger the inquiry of the remaining factors under Barker. Furthermore, the Court notes that Petitioner has not made a showing of prejudice due to the delay. Therefore, Petitioner's claim that his federal speedy trial rights were violated is without merit. Petitioner has failed to satisfy the "unreasonable application" prong of 2254(d)(1) by showing that there was no reasonable basis for the state courts' denial of that claim. Thus, he is not entitled to relief on this claim.

2. Ineffective Assistance of Trial Counsel

**a. Standard**

The clearly established federal law governing ineffective assistance of counsel claims is Strickland v. Washington, 466 U.S. 668 (1984). In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. Strickland, 466 U.S. at 687. First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Id. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Richter, 562 U.S. at 105 ("The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom.") (citing Strickland, 466 U.S. at 688). Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional

---

[2] "CT" refers to the Clerk's Transcript on Appeal, which Respondent lodged as Lodged Document 1.

8

assistance. Strickland, 466 U.S. at 687; Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir. 1994). A reviewing court should make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at that time." Strickland, 466 U.S. at 669.

Second, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. It is not enough "'to show that the errors had some conceivable effect on the outcome of the proceeding.'" Richter, 131 S.Ct. at 787 (internal citation omitted). A reviewing court may review the prejudice prong first. See Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 697) (holding that a court may dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice before determining whether counsel's performance was deficient).

In effect, the AEDPA standard is "doubly deferential" because it requires that it be shown not only that the state court determination was erroneous, but also that it was objectively unreasonable. Yarborough v. Gentry, 540 U.S. 1, 5 (2003). Moreover, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See Yarborough v. Alvarado, 541 U.S. 652, 664 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.").

**b. State court decision**

Petitioner presented his ineffective assistance of trial counsel and appellate counsel arguments in his habeas petition filed on October 16, 2013, in the Fresno County Superior Court. (LD 15). On November 25, 2013, Fresno County Superior Court denied Petitioner's habeas petition in a reasoned decision. (LD 16). Petitioner also presented his ineffective assistance of counsel arguments in a habeas petition before the Fifth District Court of Appeal. (LD 17). The Fifth District Court of Appeal denied the petition for writ of habeas corpus without comment. (LD 18). Petitioner then raised this issue in his petition for review of his habeas petition in the California Supreme Court. (LD 19). The California Supreme Court summarily denied the

petition. (LD 20). Federal courts review the last reasoned state court opinion. <u>Ylst v. Nunnemaker</u>, 501 U.S. 979, 803 (1991). Therefore, the Court must review the opinion of the Fresno County Superior Court. In rejecting Petitioner's ineffective assistance of counsel claims the Fresno County Superior Court stated as follows:

> Fourth, Petitioner contends that he received ineffective assistance of counsel after the trial court denied his Marsden motion to discharge his court appointed attorney. Specifically, Petitioner contends that his trial counsel was not familiar with his case. Fifth, Petitioner argues that he also received ineffective assistance of counsel after the Fifth District Court of Appeal denied his Marsden motion to discharge his appellate counsel.
>
> In order to demonstrate ineffective assistance of counsel, Petitioner must allege facts showing that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) that his defense suffered prejudice as a result. (Strickland v. Washington (1984) 466 U.S. 668, 690-92.) The Court finds that Petitioner has failed to prove that his trial counsel provided ineffective assistance of counsel because Petitioner has not established either that his counsel's representation fell below an objective standard of reasonableness or that the result of his trial would have been different had his counsel been more familiar with his case. (In re Cox (2003) 30 Cal. 4th 974, 1019-20 [stating that court may dispose of ineffective assistance claim if petitioner has not demonstrated sufficient prejudice without deciding if counsel's performance was deficient].) Further, Petitioner has not demonstrated that the result of his appeal would have been any different had his appellate counsel raised issues that Petitioner requested be addressed. Therefore, the Court finds that Petitioner has not demonstrated that his defense suffered prejudice as a result of either his trial or appellate counsel's allegedly deficient performance.

(LD 16 at 4-5).

### c. Failure to object to speedy trial violation

Petitioner alleges that his trial counsel failed to object to the violation of Petitioner's speedy trial rights. As previously discussed, Petitioner's claim that his federal speedy trial rights were violated is without merit, and therefore, it was not unreasonable for Petitioner's trial counsel to not raise a federal speedy trial issue. Petitioner also argues that his trial counsel should have argued and made a motion that California's speedy trial rules were violated, so the Court will evaluate this claim under both the California Constitution and California's speedy trial statutory scheme.

To establish a violation of the speedy trial right under the California Constitution, a

defendant must demonstrate prejudice. People v. Martinez, 22 Cal.4th 750, 755 (2000). He must show that the delay impaired his ability to defend against the charged crimes because, for instance, a witness became unavailable, evidence disappeared, or memories of potential witnesses faded. People v. Lowe, 40 Cal.4th 937, 946 (2007). If the defendant makes such an initial showing, the court must then weigh the prejudice to the defendant against the prosecution's justification for the delay. Id. Here, Petitioner has not shown that his ability to defend against the charges was impaired by the minimal delay in this case. As stated above, the delay from the time of arrest to trial was approximately three months. Petitioner claims that witnesses' memories faded because of the delay, but he does not specify which witnesses' memories faded or what information those witnesses would have testified to that they did not testify to at trial. Therefore, Petitioner has not shown that he had a viable speedy trial claim under the California Constitution, and it was not unreasonable for his trial counsel to not raise this claim.

Petitioner also claims that his trial counsel was ineffective for failing to raise an argument that Petitioner's California speedy trial statutory rights had been violated. Section 1382 of the California Penal Code is part of California's statutory speedy trial scheme and provides, in pertinent part, that:

> (a) The court, unless good cause to the contrary is shown, shall order the action to be dismissed in the following cases:
>
> (2) In a felony case, when a defendant is not brought to trial within 60 days of the defendant's arraignment on an indictment or information or reinstatement of criminal proceedings pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2, or in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the superior court, within 60 days after the mistrial has been declared, after entry of the order granting the new trial, or after the filing of the remittitur in the trial court, or after the issuance of a writ or order which, in effect, grants a new trial, within 60 days after notice of the writ or order is filed in the trial court and served upon the prosecuting attorney, or within 90 days after notice of the writ or order is filed in the trial court and served upon the prosecuting attorney in any case where the district attorney chooses to resubmit the case for a preliminary examination after an appeal or the issuance of a writ reversing a judgment of conviction upon a plea of guilty prior to a preliminary hearing.

> However, an action shall not be dismissed under this paragraph if either of the following circumstances exists:
>
> (A) The defendant enters a general waiver of the 60-day trial requirement. A general waiver of the 60-day trial requirement entitles the superior court to set or continue a trial date without the sanction of dismissal should the case fail to proceed on the date set for trial. If the defendant, after proper notice to all parties, later withdraws, in open court, his or her waiver in the superior court, the defendant shall be brought to trial within 60 days of the date of that withdrawal. Upon the withdrawal of a general time waiver in open court, a trial date shall be set and all parties shall be properly notified of that date. If a general time waiver is not expressly entered, subparagraph (B) shall apply.
>
> (B) The defendant requests or consents to the setting of a trial date beyond the 60-day period. In the absence of an express general time waiver from the defendant, or upon the withdrawal of a general time waiver, the court shall set a trial date. Whenever a case is set for trial beyond the 60-day period by request or consent, expressed or implied, of the defendant without a general waiver, the defendant shall be brought to trial on the date set for trial or within 10 days thereafter.
>
> Whenever a case is set for trial after a defendant enters either a general waiver as to the 60-day trial requirement or requests or consents, expressed or implied, to the setting of a trial date beyond the 60-day period pursuant to this paragraph, the court may not grant a motion of the defendant to vacate the date set for trial and to set an earlier trial date unless all parties are properly noticed and the court finds good cause for granting that motion.

The parties do not agree on the start and end dates for the period of delay. Petitioner alleges that he was arraigned on March 14, 2012, and that the trial began on June 15, 2012. However, Petitioner also claims that the delay was four days. Respondent argues that Petitioner was arraigned on April 10, 2012, and trial commenced on June 11, 2012. Upon a review of the record, Petitioner was arraigned on April 10, 2012. (CT 54-55). It appears that trial began on June 14, 2012. (RT 697). Therefore, the sixtieth day was June 9, 2012, which was a Saturday, so the sixtieth day for purposes of Section 1382 was Monday, June 11, 2012. Therefore, Petitioner's trial did not begin within the sixty days that the California statutory speedy trial scheme calls for. However, Petitioner has not shown prejudice from his trial counsel's failure to file a motion to dismiss under Section 1382 of the California Penal Code.

Petitioner alleges that the length of delay was four days. (ECF No. 21 at 13). Petitioner

1 alleges that those were four days in the county jail, "without adequate representation," "wondering how much evidence is being destroyed or altered during this delay," and "[f]our days for the court to hold an immunity hearing." (ECF No. 21 at 13). However, the record is devoid of any support for Petitioner's claim that evidence was destroyed or altered during the four day delay.

In certain circumstances, the prosecution may refile a felony charge that was dismissed under Section 1382. See People v. Engram, 50 Cal.4th 1131, 1144 n. 5 (2010) ("Under section 1387, subdivision (a), when a felony proceeding is dismissed pursuant to section 1382, the prosecution ordinarily may refile the felony charge so long as it has not previously been dismissed."). Section 1387 of the California Penal Code provides that:

> An order terminating an action pursuant to this chapter, or Section 859b, 861, 871, or 995, is a bar to any other prosecution for the same offense if it is a felony or if it is a misdemeanor charged together with a felony and the action has been previously terminated pursuant to this chapter.

Here, Petitioner has not shown that the charges had previously been dismissed. As this would have been the first dismissal, the felony charges could have been re-filed by the prosecution. Therefore, Petitioner has not shown that any failure by his trial counsel to move to dismiss the charges because of a violation of Penal Code § 1382 resulted in prejudice under the Strickland standard because the charges could have been re-filed. It would not have been apparent to all reasonable jurists that Petitioner received ineffective assistance of counsel under Strickland. Accordingly, the state court rejection of Petitioner's claim was not contrary to or an unreasonable application of clearly established Supreme Court precedent. See 28 U.S.C. § 2254(d)(1). Therefore, this claim must be denied.

### d. Failure to impeach complaining witness

Petitioner alleges that his trial counsel failed to impeach the prosecution's main witness. Contrary to Petitioner's assertions, defense counsel inquired whether he could question the complaining witness about her prior gun incident as it was relevant to impeachment and her immunity. (RT 680:26 to 684:26). The Court ruled that if defense counsel introduced the underlying event for the complaining witness's immunity, the alleged brandishing of a firearm

and accidental discharge, "then it opens the door for the People to be able to introduce all the prior acts of domestic violence, and also Mr. Woods' 1993 shooting, the shooting incident." (RT 691:6-21). Defense counsel had to evaluate his defense strategy, and it appears that he decided not to question Ms. Martin about the underlying facts of that alleged act of brandishing a firearm and accidental discharge so that the prosecution could not introduce evidence of Petitioner's prior acts of domestic violence and Petitioner's 1993 shooting. Petitioner's defense counsel did question the witness about her immunity:

> Q: And for today's testimony, again, without telling us what happened, you've been given immunity for today's testimony; is that correct?
> A: Yes.

The trial record does not support Petitioner's claims for ineffective assistance of counsel. In Petitioner's counsel's closing, he discussed Ms. Martin's inconsistent testimony and her grant of immunity. (RT 810:5-12; 812:10-13; 814:7-9). Petitioner's trial counsel specifically argued that Ms. Martin had previously lied under oath. (RT 810:20-24). Therefore, Petitioner's counsel did address Ms. Martin's immunity and Petitioner has not shown that his trial counsel acted objectively unreasonably or that the state courts' decision was unreasonable. Furthermore, even if Petitioner's trial counsel could have more effectively cross examined and impeached Ms. Martin, the prosecution had other witnesses, such as Mr. Dong and an officer, . (RT at 723-24; 734-36).

### e. Trial court's denial of <u>Marsden</u> motion

Petitioner alleges that the trial court erred by denying his motion brought pursuant to <u>People v. Marsden</u>, 2 Cal.3d 118, 123, 84 Cal.Rptr. 156, 465 P.2d 44 (1970), to have his trial counsel relieved and new counsel provided due to a conflict of interest. In the Fresno County Superior Court's November 25, 2013 order on Petitioner's habeas petition, the Court found that "Therefore, since Petitioner's claim could have been raised on appeal and Petitioner has not demonstrated an exception to the general rule, the Court finds that Petitioner has not raised a proper claim for habeas corpus relief." (LD 16 at 2).

This claim alleges that California state law required the trial judge to substitute

Petitioner's counsel.  However, Petitioner is not entitled to federal habeas relief on this claim because whether there was a violation of state law is irrelevant to a determination of whether a petitioner's constitutional rights were violated.  See Estelle v. McGuire, 502 U.S. at 67. Furthermore, as previously stated, Petitioner has not shown that trial counsel provided ineffective assistance of counsel.  Although Petitioner argues that his trial counsel had a conflict, Petitioner does not present any evidence that suggests that Petitioner's trial counsel was representing conflicting interests by representing Petitioner.  Strickland, 466 U.S. at 692.  Petitioner has not presented any evidence that his trial counsel failed to investigate the Petitioner's rights and factual evidence in violation of Strickland.  Accordingly, Petitioner's claim concerning the denial of the Marsden motion must be denied.  Therefore, Petitioner's ineffective assistance of trial counsel claim must be denied.

### 3. Ineffective Assistance of Appellate Counsel

**a. Failure to Raise Issues Raised in Federal Habeas Petition**

Petitioner alleges that his appellate counsel failed to present the arguments which he raises in the instant federal habeas petition about a speedy trial violation and ineffective assistance of trial counsel.  Petitioner alleges that his appellate counsel was a "dump truck attorney."  In Petitioner's appellate counsel's brief, he only presented a claim that Petitioner's trial counsel was ineffective for failing to object to a restitution fine beyond the minimum.  (LD 8).

Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."  Jones v. Barnes, 463 U.S. 745 (1983).  As discussed above, Petitioner's speedy trial and ineffective assistance of trial counsel claims in the instant federal habeas petition are without merit. Therefore, it was reasonable for Petitioner's appellate counsel to not bring those claims before the California Court of Appeal and Petitioner has not shown any prejudice from the omission of those claims in Petitioner's appellate counsel's brief.  Therefore, Petitioner has not shown that his appellate counsel provided ineffective assistance of counsel by failing to raise the claims in the instant petition and this claim must be denied.

### b. License to Practice Law in California

Petitioner argues that his appellate counsel provided ineffective assistance of counsel because he was not licensed to practice law in California. Petitioner alleges in his traverse that the California Bar Association told him that "his assigned counsel was not even cleared to practice law in California, [and] did not have a Bar number." (ECF No. 21 at 9). The Court notes that Petitioner does not provide the letter from the California Bar Association or any other proof that Petitioner's appellate counsel was not a member of the California Bar. Petitioner asserts that his appellate counsel was licensed to practice in Louisiana. (ECF No. 21 at 9). It appears that Petitioner's appellate counsel was a member of a state bar, because a bar number for Petitioner's appellate counsel was on a document that he submitted to the state court. Even if Petitioner's appellate counsel was unlicensed to practice law in California, the mere fact that an attorney is unlicensed in a state is not sufficient to show that a petitioner received ineffective assistance of counsel. See Bailey v. Hill, 599 F.3d 976, 980-81 (9th Cir. 2010) (Petitioner must show a sufficient nexus between his claim and the unlawful nature of his custody to succeed on a habeas petition.). Petitioner fails to show that his appellate counsel rendered unreasonable assistance. Therefore, this claim must be denied.

### c. Marsden motion

To the extent that Petitioner alleges that the state appellate court erred by denying his Marsden motion to have his appellate counsel relieved, this claim alleges that California state law required the trial judge to substitute Petitioner's counsel. However, Petitioner is not entitled to federal habeas relief on this claim because whether there was a violation of state law is irrelevant to a determination of whether a petitioner's constitutional rights were violated. See Estelle v. McGuire, 502 U.S. at 67. The Fresno County Superior Court found that:

> Even if this Court does have such authority, the Court finds that Petitioner has failed to establish that it was error for the Fifth District Court of Appeal to deny Petitioner's Marsden motion. . . Petitioner has failed to establish that it was unreasonable for his appellate counsel to only raise the issue of restitution. Further, Petitioner has failed to establish that it was "visibly apparent" that his counsel was ineffective. Consequently, the Court finds that Petitioner has not presented a viable claim for habeas corpus relief with respect to his third claim.

(LD 16 at 3-4).

Petitioner fails to point to any facts suggesting that the court's denial of Petitioner's request for appointment of new counsel deprived Petitioner of any Constitutional right. Petitioner has not shown that his appellate counsel provided ineffective assistance of counsel. Accordingly, Petitioner's claim must be denied. Thus, Petitioner has not shown that the state court's denial of his ineffective assistance of appellate counsel claim was unreasonable.

## C. Evidentiary Hearing

Petitioner requests that the Court grant an evidentiary hearing. As the Court recommends that the petition be denied based on the Court's review of the state court record, there is no need for an evidentiary hearing. See Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999); Campbell v. Wood, 18 F.3d 662, 679 (9th Cir. 1994) (finding that an evidentiary hearing is not required on issues that can be resolved by reference to the state court record). The purpose of an evidentiary hearing is to resolve the merits of factual disputes, and in the instant case, the Court determines that there is not a factual dispute that requires an evidentiary hearing. Therefore, Petitioner's request for an evidentiary hearing should be denied.

## IV.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DENIED;

2. Petitioner's request for an evidentiary hearing be DENIED; and

3. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The District

Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 21, 2015**

UNITED STATES MAGISTRATE JUDGE